IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MINAFEE,
CONSWEYLA MINAFEE,
LINDSEY RUDOLPH for YAHAVEN PYLANT,

      Plaintiffs,

vs.   1:20-cv-00671-SMV-LF

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, a governmental entity
of the State of New Mexico, Sheriff Manual Gonzales,
Bernalillo County Sheriff's Department, in his individual
Capacity, Deputy Sheriff LEONARD ARMIJO of the
Bernalillo County Sheriff's Department,
Individually, and Deputy Sherriff PATRICK RAEL of the
Bernalillo County Sheriff's Department,
individually.

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court *sua sponte*. On October 8, 2020, this Court issued an Order to Show Cause for plaintiffs Cynthia Minafee, Consweyla Minafee, and Lindsey Rudolph's failure to serve defendants Sheriff Manual Gonzales, Deputy Sheriff Leonard Armijo, and Deputy Sherriff Patrick Rael. Doc. 8. Plaintiffs' response to the Court's Order to Show Cause was due no later than October 22, 2020. *Id*. at 2. To date, plaintiffs have not filed a response to the Order to Show Cause.

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Defendant Bernalillo County Board of Commissioners removed this action to this Court from the Second Judicial District on July 9, 2020.  Doc. 1.

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.  Accordingly, plaintiffs had through October 7, 2020, to serve defendants Sheriff Manual Gonzales, Deputy Sheriff Leonard Armijo, and Deputy Sherriff Patrick Rael.

Plaintiffs filed an amended complaint and a second amended complaint on July 24, 2020.  Docs. 5, 6.  "But the [90]–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).  Because plaintiffs did not add any new defendants in their amended complaints, the 90-day period for service from the filing of the Notice of Removal applies.  Consequently, all defendants should have been served by October 7, 2020.

The Court's order to show cause warned plaintiffs that "to avoid dismissal of this action against defendants Sheriff Manual Gonzales, Deputy Sheriff Leonard Armijo, and Deputy Sherriff Patrick Rael, plaintiffs must either effect service or provide the Court with a written explanation showing good cause why service has not been made, on or before Thursday, October 22, 2020."  The record reflects that plaintiffs have not served defendants Sheriff Manual Gonzales, Deputy Sheriff Leonard Armijo, and Deputy Sherriff Patrick Rael.  Additionally, Plaintiffs have not shown good cause for the failure to serve.  *See* Fed. R. Civ. P. 4(m).

The docket shows that on October 27, 2020, the Court issued summonses for Leonard Armijo, Manual Gonzales, and Patrick Rael[1] as further indication that plaintiffs did not serve these defendants by the October 22, 2020 deadline.  Because plaintiffs have not served defendants Leonard Armijo, Manual Gonzales, Patrick Rael, nor have they shown good cause why service has not been made, I recommend that these defendants be dismissed without prejudice pursuant to Rule 4(m).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.  In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge

---

[1] The Court also issued a summons for the Bernalillo County Clerk, which is not the subject of the order to show cause.