IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MINAFEE, CONSWEYLA
MINAFEE, and LINDSEY RUDOLPH
on behalf of YAHAVEN PYLANT,

    Plaintiffs,

v.                                           Civ. No. 1:20-cv-00671 MIS/LF

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, MANUAL
GONZALES, LEONARD ARMIJO,
and PATRICK RAEL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6). ECF No. 35. Plaintiffs filed a Response, and Defendants filed a Reply. ECF Nos. 43, 45. For the reasons that follow, the Court grants Defendants' Motion as to all state law claims asserted by Plaintiffs Cynthia and Consweyla Minafee, and denies the Motion as to all other claims.

### BACKGROUND

This case arises out of a traffic stop conducted on July 7, 2017. ECF No. 6 at ¶¶ 13–60. On July 6, 2020, Plaintiffs filed suit in the Second Judicial District Court of Bernalillo County alleging various claims under the New Mexico Constitution and state tort law. ECF No. 3-1. Defendants removed the action on July 9, 2020, pursuant to

28 U.S.C. § 1332. ECF No. 1. Plaintiffs subsequently amended their complaint on July 24, 2020, to add several federal claims.[1] ECF No. 6.

In their Motion to Dismiss, filed October 28, 2021, Defendants argue that Plaintiffs' claims are outside the applicable statutes of limitations because the state law claims were not asserted within two years of the traffic stop, and the federal claims were not asserted within three years. ECF No. 35. The Motion is now fully briefed and properly before the Court.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting *Aldrich v. McCulloch Props, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

---

[1] It appears, in fact, that Plaintiffs amended their complaint two times on July 24, 2020. ECF Nos. 5, 6. It is unclear whether Defendants provided written consent for the second amendment. *See* Fed. R. Civ. P. 15(a)(1) (a party may amend its pleading "*once* as a matter of course" within 21 days of service (emphasis added)). However, Defendant has made no objection and the two amended complaints appear substantively similar. The Court therefore treats Plaintiffs' second Amended Complaint as the operative complaint.

## DISCUSSION

Defendants contend that a two-year statute of limitations applies to Plaintiffs' state law claims and that a three-year statute of limitations applies to Plaintiffs' federal claims under 42 U.S.C. § 1983. Although Plaintiffs make no argument with respect to their state law claims, they assert that their federal claims relate back to the date of the original complaint and are therefore timely. *See* ECF No. 43. The Court addresses each issue in turn.

### I. State Law Claims

In their second Amended Complaint, Plaintiffs assert the following state law claims: Negligence Resulting in Unlawful Seizures (Second Claim); Equal Protection under Article II, Section 18, of the New Mexico State Constitution (Third Claim); and Battery (Fifth Claim).[2] ECF No. 6 at ¶¶ 92–104, 105–14, 127–29. The applicable statute of limitations reads as follows:

> Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death, except that a minor under the full age of seven years shall have until his ninth birthday in which to file.

N.M. Stat. § 41-4-15(A).

---

[2] The Court acknowledges some difficulty in determining which claims are meant to proceed under state law, and which under federal law. Plaintiffs' Second Claim references state law only. Although Plaintiffs' Third Claim purports to proceed under § 1983, it is based on the New Mexico State Constitution and specifically disclaims the application of federal law. ECF No. 6 at ¶¶ 109–12. Likewise, although Plaintiff Yahaven Pylant's Fifth Claim references § 1983 and the Fourth Amendment of the United States Constitution, battery is a state law claim with no equivalent in federal law. The Court therefore concludes, for purposes of the present Motion, that all three claims sound in New Mexico law.

Plaintiffs' first Complaint was filed on July 6, 2020, one day short of three full years from the date of the traffic stop. Because Plaintiffs' state law claims were asserted more than two years after the date of the occurrence, the Court finds that all state law claims by Cynthia and Consweyla Minafee are time-barred and must be dismissed.

However, the operative complaint alleges that minor Plaintiff Yahaven Pylant was only five years old at the time of the traffic stop. ECF No. 6 at ¶ 34. Therefore, Plaintiff Yahaven had until his ninth birthday to file claims against Defendants. *See* N.M. Stat. § 41-4-15(A). Because the action was filed when he was eight years old, ECF No. 6 at ¶ 4, his state law claims are within the statute of limitations and not subject to dismissal for untimeliness.

## II.   Section 1983 Claims

Plaintiffs' remaining claims sound in federal law and are brought pursuant to 42 U.S.C. § 1983.[3] Section 1983 does not contain its own statute of limitations. Accordingly, "[s]tate statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (internal citations omitted). Claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id*. (quotation omitted). The statute of limitations for § 1983 actions brought in New Mexico, borrowed from N.M. Stat. § 37-1-8, is three years from the date of accrual. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014).

---

[3] *See* ECF No. 6 at ¶¶ 83–91, 115–26, 130–37, 138–44, 145–52, 153–62, 163–72.

Plaintiffs do not dispute that their federal claims were first raised in the Amended Complaint filed July 24, 2020, more than three years after their claims accrued on July 7, 2017. However, they argue that the amendment relates back to the original date of filing for purposes of the statute of limitations. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Court finds that Plaintiffs' § 1983 claims clearly arise out of the same occurrence, i.e., the traffic stop, that formed the basis of their prior state law claims. *Compare* ECF No. 6 *with* ECF No. 3-1. Therefore, the Federal Rules permit relation back to July 6, 2020, the date of the original pleading, and Plaintiffs' federal claims are timely.[4]

## CONCLUSION

Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 35) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

Plaintiffs Cynthia and Consweyla Minafee's claims for Negligence Resulting in Unlawful Seizures (Second Claim) and Equal Protection under Article II, Section 18, of the New Mexico State Constitution (Third Claim) are **DISMISSED WITH PREJUDICE**.

Defendants' Motion is **DENIED** as to all other claims.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[4] Notwithstanding their original contention that all claims should be dismissed, *see* ECF No. 35, Defendants now concur in this result. *See* ECF No. 45 ("[A]t this point Defendants seek an order granting in part their Motion and dismissing with prejudice any putative state law claims of Plaintiffs due to the expiration of the applicable statute of limitations, leaving only federal claims brought pursuant to § 1983 remaining in this case.").