IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MINAFEE, CONSWEYLA
MINAFEE, and LINDSEY RUDOLPH
on behalf of YAHAVEN PYLANT,

    Plaintiffs,

v.                                                      Civ. No. 1:20-cv-00671 MIS/LF

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, MANUAL
GONZALES, LEONARD ARMIJO,
and PATRICK RAEL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment Dismissing Plaintiff Yahaven Pylant's Claims. ECF No. 37. Plaintiffs filed no response. The Court will grant summary judgment on Plaintiffs' Fifth Claim for Relief.

## BACKGROUND

Defendants move for summary judgment on the Fifth Claim for Relief (Battery) in the second Amended Complaint,[1] filed on July 24, 2020. *See* ECF No. 6 at ¶¶ 127–29. Accordingly, the Court reviews only the undisputed facts material to that claim.

Plaintiffs' claims arise out of a traffic stop conducted by Defendant Deputy Patrick Rael on July 7, 2017. Plaintiff Yahaven Pylant ("Yahaven"), who was five years old at the

---

[1] In their briefing, Defendants characterize the Fifth Claim for Relief as Plaintiff Yahaven Pylant's "sole cause of action." ECF No. 37 at 1. Although the question is not presently before the Court, the majority of Plaintiffs' claims are brought on behalf of "Plaintiffs," generally, and do not appear to exclude Plaintiff Yahaven. *See* ECF No. 6.

1

time of the stop, was a passenger in the back seat. UMF 1.[2] The specific allegations of the Fifth Claim for Relief are that Defendant Rael "direct[ed] Plaintiff[s Cynthia and Consweyla Minafee] to stand aside while he unnecessarily and unlawfully physically seized [the] child from his car seat inside the car." ECF No. 6 at ¶ 128.

In support of their Motion, Defendants attach video evidence recorded by Defendant Deputy Leonard Armijo's dashboard camera. The footage begins with Defendant Armijo's arrival on the scene. Both Plaintiff Cynthia Minafee ("Cynthia") and Plaintiff Consweyla Minafee ("Consweyla") are standing outside the car, but Plaintiff Yahaven remains in the passenger side rear seat. UMF 1. As Defendant Armijo speaks with Cynthia about the citation, Defendant Rael stands by while Consweyla prepares Yahaven to exit the vehicle by opening the rear passenger side door, gathering items, and dressing Yahaven. UMF 2. Defendant Rael approaches the open passenger side rear door behind Consweyla, and Cynthia can be heard saying: "What his shoes got to do with anything? Just let him get out, his socks are fine. That's why I put the socks on." UMF 3. Meanwhile, Consweyla picks up Yahaven from inside the car, carries him around Deputy Rael, and then places him on the side of the road. UMF 4.

Consweyla and Yahaven walk together to a position on the side of the road, in front of the car, and Defendant Armijo directs Cynthia to a nearby position in front of the car. UMF 6. Before retrieving his canine, Defendant Rael takes Yahaven's shoes out of the car and brings them to Consweyla. UMF 8. Consweyla remains with Yahaven

---

[2] Citations to Undisputed Material Facts, or "UMFs," refer to the statement of Undisputed Material Facts in Defendant's Motion. ECF No. 37 at 3–5. Despite Plaintiffs' failure to respond, the Court has conducted an independent review of the record and bases its ruling only on those UMFs that are fully supported by the evidence.

throughout the entire search. UMF 9. Eventually, Cynthia joins them when Defendant Armijo goes to the car to retrieve her phone for her. *Id*.

At no point during the search does Defendant Rael make physical contact with Yahaven. UMF 11. Defendant Armijo—who is not named in the Fifth Claim for Relief—appears to exchange a fist bump with Yahaven after the search is complete, and briefly touches Yahaven's head in a seemingly friendly manner as they walk back toward the car. UMF 11; Ex. A-6 at 00:05:17–00:05:22. Following the search, the video footage shows all Plaintiffs returning to their car and Cynthia strapping Yahaven in to the back seat. Ex. A-7 at 00:00:00–00:00:40.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once that threshold is met, the nonmoving party must designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. In applying the summary judgment standard, the court "view[s] the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Parker*

*Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (citation omitted).

Where, as here, the non-moving party files no response, the failure to timely respond "does not, by itself, make summary judgment proper." *Neal v. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005). The plaintiff's burden to respond "arises only if the defendants have met their initial burden of production under Rule 56(c)." *Id*. Therefore, summary judgment may still be denied if the defendants fail to meet this burden. *Id*.

## DISCUSSION

Defendants move for summary judgment with respect to the Fifth Claim on the basis that Plaintiffs' allegations are contradicted by the video evidence. *See generally* ECF No. 37. At the outset, the Court notes some confusion about the legal basis for the Fifth Claim. The Amended Complaint references § 1983, Article 2 § 10 of the New Mexico Constitution, and the Fourth Amendment of the United States Constitution. ECF No. 6 at ¶ 128. Because Plaintiffs appear to invoke both state and federal law, the Court construes the Fifth Claim as a state law claim for battery and, in the alternative, as one brought pursuant to § 1983 for excessive force.

### I. Battery

The Court first analyzes Plaintiff Yahaven's Fifth Claim as a state law claim for battery. Although law enforcement officers usually enjoy immunity against civil claims pursuant to N.M. Stat. § 41-4-4, that immunity is waived for claims "resulting from . . . battery." N.M. Stat. § 41-4-12. "Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." *Milliron v. Cnty. of San Juan*, 384 P.3d 1089, 1095 (N.M. Ct. App. 2016) (quoting N.M. Stat. § 30-

4

3-4). Generally, an individual is liable for battery if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) an offensive contact with the person of the other directly or indirectly results." *Id.* (quotation omitted). In the context of an arrest or detention, however, an officer is liable for battery only when the force used is constitutionally excessive. *Youbyoung Park v. Gaitan*, 680 F. App'x 724, 744 (10th Cir. 2017); *see also Mead v. O'Connor*, 344 P.2d 478, 479–80 (N.M. 1959).

The uncontroverted video evidence shows that Defendant Rael did not touch Yahaven during the stop, offensively or otherwise. Defendant Rael did not "physically seize[ the] child from his car seat inside the car." ECF No. 6 at ¶ 128. It was Consweyla, not Defendant Rael, who removed Yahaven from the vehicle. Although the Amended Complaint alleges that Defendant Rael "put [Yahaven] on the hot ground without his shoes on," *id*. at ¶ 40, it is also evident from the dashboard camera footage that Cynthia— not Defendant Rael—suggested removing Yahaven from the vehicle in only his socks. UMF 3. With no evidence of an offensive contact by Defendant Rael, either direct or indirect, the Court finds no genuine dispute of material fact and must rule in Defendants' favor on Plaintiff Yahaven's battery claim.[3] *See Milliron*, 384 P.3d at 1095.

## II. Excessive Force

The Court alternatively analyzes Plaintiff Yahaven's Fifth Claim as a Fourth Amendment claim for excessive force. "Excessive force claims can be maintained under

---

[3] Plaintiff Yahaven's Fifth Claim for Relief explicitly alleges that Defendant *Rael*, not Defendant Armijo, caused the battery of Plaintiff Yahaven by removing him from the car. However, the Court notes for the sake of completeness that there is also no evidence of an offensive contact or excessive force used by Defendant Armijo, who exchanged a fist bump with Yahaven and patted him on the head. UMF 11; Ex. A-6 at 00:05:17–00:05:22.

the Fourth, Fifth, Eighth, or Fourteenth Amendment, depending on where the plaintiff finds himself in the criminal justice system at the time of the challenged use of force." *McCowan v. Morales*, 945 F.3d 1276, 1282–83 (10th Cir. 2019) (quotation omitted). If the alleged excessive force occurs prior to arrest, the claim must proceed under the Fourth Amendment. *Bond v. City of Tahlequah*, 981 F.3d 808, 815 (10th Cir. 2020). This entails a showing that "the officer's actions were not 'objectively reasonable' in light of the facts and circumstances confronting him." *McCowan*, 945 F.3d at 1283.

In addition, government officials are entitled to immunity from suit unless their actions violate a "clearly established" statutory or constitutional right. *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018)). "A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotation omitted).

As set forth above, Defendant Rael neither removed Yahaven from the car nor made any subsequent physical contact with him. The Court finds that the complete lack of contact between Defendant Rael and Plaintiff Yahaven cannot reasonably be characterized as "force." To the extent that any "force" was used, the Court finds that it was reasonable under the circumstances. Based on the uncontroverted video evidence, the Court finds no genuine dispute of material fact and must grant summary judgment in Defendants' favor on Plaintiff Yahaven's Fourth Amendment claim of excessive force.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 37) is **GRANTED**. The Court hereby **ENTERS** summary judgment in favor of Defendants on the Fifth Claim for Relief of the second Amended Complaint.

**IT IS SO ORDERED.**

*/s/ Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE