**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CYNTHIA MINAFEE; CONSWEYLA
MINAFEE; and LINDSEY RUDOLPH for
YAHAVEN PYLANT,

        Plaintiffs,

v.                                              Civ. No. 1:20-cv-00671 MIS/LF

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, a governmental
entity of the State of New Mexico;
SHERIFF MANUAL GONZALES,
Bernalillo County Sheriff's Department,
individually; DEPUTY SHERIFF
LEONARD ARMIJO of the Bernalillo
County Sheriff's Department, individually;
and DEPUTY SHERIFF PATRICK RAEL
of the Bernalillo County Sheriff's
Department, individually,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS**

THIS MATTER is before the Court on Defendants Bernalillo County Board of Commissioners, Manual Gonzales, Leonard Armijo, and Patrick Rael's (collectively "Defendants") Motion for Sanction Striking Plaintiffs' Amended Response (ECF No. 63) ("Motion"). ECF No. 66. Plaintiffs Cynthia Minafee, Consweyla Minafee, and Lindsey Rudolph on behalf of Yahaven Pylant (collectively "Plaintiffs") responded, and Defendants replied. ECF Nos. 67, 69. Having reviewed the parties' submissions, the record, and the relevant law, the Court will grant the Motion in part and deny it in part.

## PROCEDURAL BACKGROUND

On February 11, 2022, Defendants filed a motion for summary judgment to dismiss Count I of Plaintiffs' complaint. ECF No. 50. Plaintiffs filed a response in opposition. ECF No. 57. Thereafter, Defendants filed a reply in support of their motion for summary judgment. ECF No. 59. Plaintiffs then requested leave to cure defects in their response "as to the lettering and numbering and reference" of the record and exhibits to come in conformity with Local Rule 56.1(b).[1] ECF No. 61 at 1. The Court granted Plaintiffs' request for this limited purpose and specified that "Plaintiffs' amended response should contain corrections <u>only to citations to the record and exhibits</u>. Novel, amended, or reworded substantive arguments <u>will not be considered</u>." ECF No. 62. Per the Court's order, Plaintiffs filed an amended response. ECF No. 63.

Defendants now argue that "Plaintiffs disregarded the Court's order and filed an amended response that does not only 'contain corrections only to citations to the record and exhibits' and instead is a complete rewrite/ re-organization on pages 1-8." ECF No. 66 at 2. Accordingly, Defendants request the Court strike Plaintiffs' amended response as a sanction for failing to follow the Court's order and award Defendants attorney fees incurred. *Id.* Plaintiffs, on the other hand, maintain pages 1–8 of their response was merely "re-organized" to comply with Local Rule 56.1(b) with no change to the substantive material contained in the original response. ECF No. 67 at 2. Defendants

---

[1] D.N.M. LR-Civ. 56.1(b) states: "The [non-movant's] response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be **numbered**, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the **number** of the movant's fact that is disputed. All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted. The response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. Each additional fact must be **lettered** and must refer with particularity to those portions of the record upon which the non-movant relies."

rebut that the Court did not grant Plaintiffs leave to re-organize their arguments and instead specifically stated the "response should contain corrections only to citations to the record and exhibits." ECF No. 69 at 1.

## LEGAL STANDARDS

### I.   Leave to Amend

A district court has broad authority to allow parties to refile or amend motions, responses and replies to motions, and supporting documents as a valid exercise of their discretion in case management. *See Livingston v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 82, 83–84 (10th Cir. 2021); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990); *United States v. Filson,* 347 Fed. Appx. 987, 991 (5th Cir. 2009). Unlike pleadings—such as complaints, answers, counterclaims, and cross-claims—there is no Federal Rule of Civil Procedure prescribing amendment of a motion, response, or reply. FED. R. CIV. P. 7; FED. R. CIV. P. 15 (rules for amendment of pleadings); *Livingston*, 844 F. App'x 82 at 84 ("[A]n objection to a summary-judgment motion is not a pleading. 'Pleadings' are defined in Federal Rule of Civil Procedure 7, and this definition includes complaints, answers, counterclaims, cross-claims, and replies to answers. [Plaintiff] didn't want to amend any of those documents; she wanted to amend an objection to a summary-judgment motion, and objections like this one fall outside of Rule 15."). Further, there is no established standard in the Tenth Circuit to determine whether granting leave to amend a motion, response, or reply is appropriate. Rather, permission to amend is left to the sound discretion of the district court.

### II.   Sanctions

Federal Rule of Civil Procedure 11 governs sanctions for documents presented to the court. It states in relevant part that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . . The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

FED.R.CIV.P. 11(b)(1), (c)(1), (c)(4). The purpose of Rule 11 sanctions includes "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). "[T]he award of Rule 11 sanctions involves two steps. The district court first must find that a [document presented] violates Rule 11." *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (citing *Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988)). "The second step is for the district court to impose an appropriate sanction." *Id*. When imposing attorney's fees as a sanction under Rule 11, the district court may consider "(1) the reasonableness of the proposed fees, (2) the minimum amount required to deter misconduct, (3) the offender's ability to pay, and (4) 'other factors' as the court sees fit, such as the offending party's history, experience, and ability; the

4

severity of the violation; and the risk of chilling zealous advocacy." *King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018).

## DISCUSSION

As an initial matter, the Court determines Plaintiffs' violated the Court's order in filing their amended response with more than "corrections only to citations to the record and exhibits." As Defendants note, Plaintiffs completely altered pages 1–8, which describe Plaintiffs' disputed material facts, of their amended response. In doing so, pages 1–8 of the amended response are now almost unrecognizable from the original. As such, the Court finds Plaintiffs' amended response violates Rule 11 because in blatantly disobeying the Court's clear and definitive order, it was presented with an improper purpose.

The Court must now determine the appropriate sanction. Defendants request the amended response be stricken and attorney fees be award to Defendants as a proper sanction. In the interest of expediency in resolving the underlying motion for summary judgment set forth by Defendants, the Court declines to strike Plaintiffs' amended response. However, the Court finds it suitable to award Defendants reasonable attorney fees incurred as a result of the violation. Further, the Court will allow Defendants an opportunity to amend their reply in support of their motion for summary judgment. ECF No. 59. The Court further instructs Defendants to address the allegation in Plaintiffs' amended response that "Defendant Rael enter[ed] the vehicle and open[ed] the trunk prior to his use of the canine." ECF No. 61 at 7–8.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanction Striking Plaintiffs' Amended Response (ECF No. 63), ECF No. 66, is hereby **GRANTED IN PART** and **DENIED IN PART**, as stated herein.

**IT IS FURTHER ORDERED** that Defendants file an affidavit of attorney fees incurred in reviewing the amended response and drafting their Motion, reply in support of their Motion, and amended reply in support of their motion for summary judgment on or before **October 3, 2022**. Plaintiffs may file any objections to the costs and fees claimed on or before **October 17, 2022**. If no objections are received or, alternatively, if objections are received and overruled, the Court will enter an order awarding costs and fees as the Court deems appropriate.

**IT IS FURTHER ORDERED** that Defendants file an amended reply in support of their motion for summary judgment on or before **October 3, 2022**.

_____
**MARGARET I. STRICKLAND**
**United States District Judge**