IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MINAFEE,
CONSWEYLA MINAFEE,
LINDSEY RUDOLPH for Y.P.,

    Plaintiffs,

vs.                                                                1:20-cv-00671-MIS-LF

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, a governmental entity
of the State of New Mexico, Sheriff Manuel Gonzales,
Bernalillo County Sheriff's Department, in his individual
Capacity, Deputy Sheriff LEONARD ARMIJO of the
Bernalillo County Sheriff's Department,
Individually, and Deputy Sherriff PATRICK RAEL of the
Bernalillo County Sheriff's Department,
Individually,

    Defendants.

## ORDER TO FILE JOINT MOTION TO APPROVE SETTLEMENT ON BEHALF OF MINOR CHILD

THIS MATTER comes before the Court based on the settlement agreement reached on November 6, 2023, between plaintiffs Cynthia Minafee, Consweyla Minafee, and Cynthia Minafee[1] acting on behalf of Y.P., and defendants Bernalillo County Board of Commissioners, Sheriff Manuel Gonzales, Deputy Leonard Armijo, and Deputy Patrick Rael. As part of the proposed settlement, Cynthia Minafee, acting on behalf of Y.P., will execute a release of Y.P.'s claims against the defendants. Thus, the settlement involves a minor child, and the Court must review the settlement for fairness. *See Thompson v. Maxwell Land-Grant and Railway*

---

[1] Cynthia Minafee is now officially the legal guardian of Y.P. Lindsey Rudolph is the biological mother of Y.P. and technically was his guardian when the case was filed, but she is no longer involved in this case.

*Company,* 168 U.S. 451, 463–65 (1897).  Before approving such an agreement, the Court must ensure that the interests of the child will be adequately protected.  *See Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (courts have a general duty to protect the interests of minors); *see also United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967) (When interests of minors are at stake, the trial judge has an obligation to see that the children were properly represented by their representatives and by the Court.); *Salas v. Brigham*, No. 1:08-cv-01184-JB-RLP, 2010 WL 11601205, at *2 (D.N.M. Dec. 22, 2010) (unpublished) ("New Mexico courts and federal courts have traditionally supervised settlements benefitting minors and incapacitated adults, reviewing the proposed settlement to ascertain whether the agreement promotes the best interest of the minor or incapacitated beneficiary.").

In deciding whether to approve a settlement, the Court must determine whether the settlement satisfies the four factors set forth in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).  These factors are: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; . . . (4) the judgment of the parties that the settlement is fair and reasonable." *Id*.  The Court also must determine whether the settlement is in the best interests of the minor child.  *See Garrick*, 888 F.2d at 693.

At the settlement conference, the parties agreed that because the amount of the settlement was relatively low, and because Y.P.'s claims have been limited by the Court's orders on dispositive motions, a GAL is not necessary and would be proportionally too expensive given the amount of the settlement—especially when factoring in the GAL fees that would be deducted from the settlement amount.  *See Bailon v. Valencia Cnty. Bd. of Cnty. Commissioners*, 2020 WL

8641269, at *1 n.2 (D.N.M. Sept. 1, 2020) (unpublished); *Mills as Next Friend of Mills v. City of Albuquerque*, 2005 WL 8163511, at *2 (D.N.M. Aug. 18, 2005) (unpublished).  The Court therefore will not appoint a GAL at this time.  Instead, the parties are ordered to file a joint motion for approval of the settlement with respect to Y.P.'s claims.  The motion must address each of the four *Jones* factors in sufficient detail for the Court to determine whether the settlement satisfies the requirements of *Jones* and is in Y.P.'s best interests.  Further, the motion should refer to Y.P. only by his initials, and any document that identifies the amount to be paid to Y.P. or any other financial details relating to Y.P. must be filed under seal.

    IT IS THEREFORE ORDERED that the parties will file a joint motion to approve the settlement with respect to Y.P. as described above by Friday, November 17, 2023.  The parties will submit a proposed order to Judge Strickland upon filing the motion.

    IT IS FURTHER ORDERED that plaintiffs will file a motion to dismiss the individual defendants as agreed at the settlement conference by Friday, November 17, 2023.

*(signature)*
Laura Fashing
United States Magistrate Judge